JONES, *Appellant*, v. THOMAS *et al.*

Division One, November 12, 1894.

1. **Land:** VOID JUDGMENT: COLOR OF TITLE. A void judgment may constitute color of title to land.

2. ———: ———: POSSESSION. Possession of land by a divorced wife of the owner claiming under a void order rendered in the divorce proceedings assigning the land to her, is not changed into her possession under her dower right by the death of the husband pending the running of the statute of limitations.

3. ———: ———: ———: STATUTE OF LIMITATIONS. The fact that she became entitled to dower after the adverse possession began, did not, therefore, affect the running of the statute of limitations.

*Appeal from the Howell Circuit Court.*—HON. W. N. EVANS, Judge.

AFFIRMED.

*A. H. Livingston* for appellant.

(1) When the land was attached Thomas had abandoned his home and his family, and his wife having failed to assert her homestead rights, as provided

by section 5435, Revised Statutes, her homestead inter-
est was defeated by the attachment and sale there-
under. *Blandy v. Asher*, 72 Mo. 27. (2) All the
interest that Obedience Thomas could have in the land,
under any circumstances, would be the right of home-
stead and dower after her husband's death, and neither
of these, nor both, could be asserted so as to set in
operation the statute of limitation as against the plain-
tiff. She lived on the land until her death and until
her children were of age, and this possession could in
no wise be adverse to plaintiff's title. *Sutton v. Cas-
seleggi*, 77 Mo. 397; *Keith v. Keith*, 80 Mo. 125;
*Thomas v. Black*, 113 Mo. 66. (3) The instructions
asked by plaintiff should have been given.

*Olden & Orr* for respondents.

(1) The finding and judgment, under the plead-
ings and evidence, are for the right party, and should
not be disturbed, though error may have intervened.
*Rowell v. St. Louis*, 50 Mo. 92; *Galbreath v. Moberly*,
80 Mo. 484. (2) When the statute of limitations begins
to run, no subsequent event or disability will suspend
its operation. *Landes v. Perkins*, 12 Mo. 238; *Smith
v. Newby*, 13 Mo. 159; *Rogers v. Brown*, 61 Mo. 187;
*Burdett v. May*, 100 Mo. 13; *Schlueter v. Albert*, 39
App. 154. (3) Though the order of sequestration was
insufficient to pass any estate to respondents and their
mother, it was sufficient as color of title, and the
taking of possession thereunder was such an assertion
of adverse ownership as to start the statute of limita-
tion in favor of respondents. *Fugate v. Pierce*, 49 Mo.
234; *Hamilton v. Boggess*, 63 Mo. 234; *Hickman v.
Link*, 97 Mo. 482. (4) The right of dower in Mrs.
Thomas did not give her the right to the possession as
against the grantee of Nathan Thomas' interest, or bar

ejectment by such purchaser. *McClanahan v. Porter*, 10 Mo. 746; *Walker v. Mardus*, 29 Mo. 25; *McClurg v. Turner*, 74 Mo. 45. (5) Mrs. Thomas had no quarantine right in the premises in question at the death of Nathan Thomas, her then divorced husband, under section 4533, Revised Statutes, 1889. *McClurg v. Turner*, 74 Mo. 45. (6) No exception to the running of the statute can be claimed, unless expressly mentioned in such statute. *Fairbanks v. Long*, 91 Mo. 628; Angell on Limitations [6 Ed.], 203.

BLACK, P. J.—This is an action of ejectment for one hundred and sixty acres of land. All parties claim under Nathan Thomas. The defense, and the only defense, is the statute of limitations.

The plaintiff put in evidence a sheriff's deed, dated in April, 1879, conveying to him four hundred and eighty acres of land, the land in suit being a part thereof. This deed is based upon a judgment in an attachment suit brought by the present plaintiff against Nathan Thomas, the attachment having been levied on the twenty-seventh of February, 1878.

The defendants claim under Obedience Thomas. She brought a divorce suit against Nathan Thomas, returnable to the April term, 1878, of the circuit court. At that term she obtained a judgment, after personal service, for $200 alimony pending the suit. At the same term she obtained an interlocutory decree for divorce, and for $2,000 alimony, which interlocutory decree was made final at the October term, 1878. At that term the circuit court made an order or judgment of sequestration, setting apart to her one hundred and sixty acres of land, the same to include the property in which she resided. A commissioner was appointed, who set off the land in question to her.

The further evidence shows that Obedience Thomas

and her children lived on this land at the date of the judgment of sequestration, and she continued to reside thereon, paying taxes and farming the same, and claiming it as her absolute property under that judgment. She died a few months before the commencement of this suit, and the defendants are her children. Nathan Thomas died in 1879 or 1880, about a year after the land had been set off to her. The abstracts do not show when this suit was commenced, but it seems to be conceded on all hands that Obedience Thomas had possession for more than ten years.

It is claimed by the plaintiff, and conceded by the defendants, that Obedience Thomas had no homestead in the property as against the plaintiff's deed. The plaintiff says the judgment of sequestration is void, for reasons which need not be stated, and this the defendants concede. But they say the judgment of sequestration gave their mother color of title, and that her ten years' possession under it, gave her a perfect title. Turning now to the decree we find it undertakes to pass to her the one hundred and sixty acres "to be held by her absolutely as property of defendant sequestered and passed over to the plaintiff." That this order or judgment constitutes color of title admits of no doubt. But it is argued by the plaintiff that, the judgment being void, her only right to the land was that of dower after the death of her divorced husband, and she must be deemed as holding possession by virtue of her right of dower, and hence her possession was that of a life tenant and could not be adverse to plaintiff who had purchased the remainder.

The error in this argument lies in the fact that her possession began before the death of her divorced husband, under a claim of the entire title, and we have seen that the possession was also adverse to the plaintiff at its commencement. The rule of law is a familiar

one, that when the statute of limitations begins to run it will continue to run. Had this land been assigned to her as dower during the ten years in a proceeding brought for that purpose to which she was a party, then it is doubtless true that her possession thereafter would have been that of a life tenant. But no such proceedings were had, and the proof is that she claimed title under the judgment of sequestration. As her possession was in its inception adverse to her divorced husband and to the plaintiff, it continued to be adverse during the ten years, and the fact, that she became entitled to dower after the adverse possession began can not change the result. It continued to be adverse, notwithstanding that fact. Judgment affirmed. All concur.